**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**JON BARKLEY**                                                          **PLAINTIFF**

**VS.**                                        **CIVIL ACTION NO. 3:09cv483 TSL-JCS**

**SINGING RIVER ELECTRIC POWER ASSOCIATION**            **DEFENDANT**

---

**ANSWER AND DEFENSES**
**OF**
**SINGING RIVER ELECTRIC POWER ASSOCIATION**

---

Defendant Singing River Electric Power Association ("SREPA"), by and through its

counsel, hereby files and serves its Answer and Defenses to Plaintiff's Complaint, as follows:

**<u>FIRST DEFENSE</u>**

This action has no factual relationship to the Jackson Division of this Court and

should be transferred to the United States District Court for the Southern District of

Mississippi, Southern Division, pursuant to 28 U.S.C. §§ 1404 and/or 1406.

**<u>SECOND DEFENSE</u>**

The Complaint fails to state a claim upon which relief can be granted. Additionally,

and/or in the alternative, the Complaint fails to state a claim upon which relief can be granted

for punitive damages.

## ANSWER

In answering the numbered allegations of the Complaint, paragraph by paragraph, SREPA responds as follows:

## THE PARTIES

1.      SREPA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and therefore denies the same.

2.      The allegations contained in Paragraph 2 of the Complaint are admitted.

## JURISDICTION

3.      SREPA admits that Plaintiff seeks to file his claim under the statutes stated in Paragraph 3 of the Complaint, but denies any and all liability under those laws or otherwise.

4.      SREPA admits that this Court has subject matter jurisdiction of this action, but denies that the venue of this action is proper, Plaintiff has any entitlement to any recovery of any kind under the statutes and laws referenced in Paragraph 3 of the Complaint, and further denies any and all liability to Plaintiff under those laws, or otherwise.

5.      SREPA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, and therefore denies the same.

## STATEMENT OF FACTS

6.      The allegations contained in Paragraph 6 of the Complaint are admitted.

7.      The allegations contained in Paragraph 7 of the Complaint are denied.

8.    The allegations contained in Paragraph 8 of the Complaint are denied.

9.    The allegations contained in Paragraph 9 of the Complaint are denied.

10.    The allegations contained in Paragraph 10 of the Complaint are denied.

11.    The allegations contained in Paragraph 11 of the Complaint are denied.

12.    The allegations contained in Paragraph 12 of the Complaint are denied.

## CAUSES OF ACTION

### COUNT I

### RACE DISCRIMINATION - VIOLATION OF TITLE VII AND 42 U.S.C. § 1981

13.    Defendant incorporates by reference herein its responses to Paragraphs 1 through 12 of the Complaint.

14.    The allegations contained in Paragraph 14 of the Complaint are denied.

15.    The allegations contained in Paragraph 15 of the Complaint are denied.

16.    The allegations contained in Paragraph 16 of the Complaint are denied.

### COUNT II

### RETALIATION- VIOLATION OF TITLE VII AND 42 U.S.C. § 1981

17.    Defendant incorporates by reference herein its responses to Paragraphs 1 through 16 of the Complaint.

18.    The allegations contained in Paragraph 18 of the Complaint are denied.

### COUNT III

### PUNITIVE DAMAGES

19.    Defendant incorporates by reference herein its responses to Paragraphs 1

through 18 of the Complaint.

20.    The allegations contained in Paragraph 20 of the Complaint are denied.

## PRAYER FOR RELIEF

21.    With regard to the unnumbered Paragraphs commencing with the words "WHEREFORE, PREMISES CONSIDERED" on Page 4 of the Complaint, including without limitation sub-paragraphs (a) through (e) thereof, Defendant denies all allegations contained in said paragraphs, denies that Plaintiff is entitled to any of the relief and damages requested in said paragraphs, or to any damages and/or relief whatsoever, from and against Defendant.

## THIRD DEFENSE

Some or all of Plaintiff's claims are barred by the applicable federal statutes of limitation, including, but not limited to, those applicable to claims under Title VII of the Civil Rights Act of 1964.

## FOURTH DEFENSE

Plaintiff has failed to mitigate his alleged damages, if any.

## FIFTH DEFENSE

Some or all of Plaintiff's claims are barred by the doctrines of waiver, laches, estoppel, privilege, set-off, and unclean hands.

## SIXTH DEFENSE

All employment actions with respect to Plaintiff were based upon legitimate, non-discriminatory factors other than race.  Additionally, and/or in the alternative, the same

4

decision(s) would have been made in any event.

## SEVENTH DEFENSE

Additionally, and/or in the alternative, while denying that Plaintiff is entitled to any damages and/or relief against it, Defendant states that Plaintiff's claim for punitive damages, any award of punitive damages, and/or the applicable procedures and standards for punitive damages violate Defendant's rights under the United States Constitution and the Mississippi Constitution of 1890, including, but not limited to, the substantive and procedural due process, equal protection, cruel and unusual punishment, excessive fines, double jeopardy, and/or other applicable provisions thereof. Without limiting the foregoing, Defendant states that the absence of clearly defined, objective criteria addressing the availability and amount of punitive damages which are capable of reasonable application precludes consideration of the issue of punitive damages by the trier of fact. Additionally, without limiting the foregoing, Defendant invokes with regard to Plaintiff's punitive damages claim all safeguards and protections addressed by the United States Supreme Court in *BMW v. Gore*, 517 U. S. 599 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U. S. 424 (2001); *State Farm Mutual Ins. Co. v. Campbell*, 538 U.S. 408 (2003); and by the Mississippi Supreme Court in *MIC Life Ins. Co., et al. v. Hicks*, 825 So.2d 616, (Miss. 2002).

## EIGHTH DEFENSE

Defendant has at all times complied with Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981 with respect to any matter alleged in the Complaint. Additionally, and/or in the alternative, Defendant has at all times acted in good faith to

comply with Title VII and 42 U.S.C. § 1981 with respect to any matter alleged in the Complaint.

## NINTH DEFENSE

Some or all of Plaintiff's claims in this action are barred by Plaintiff's failure to exhaust and complete necessary administrative prerequisites to the assertion of this action.

## TENTH DEFENSE

Additionally, any claim or allegation not asserted in any EEOC charge filed by Plaintiff may not be asserted in this action.

## ELEVENTH DEFENSE

Some or all of the alleged injuries complained of by Plaintiff resulted from Plaintiff's own actions, inactions, or decisions.

## TWELFTH DEFENSE

Additionally, and/or in the alternative, some or all of Plaintiff's claims are barred by the defenses of privilege and/or justification.

AND NOW, having fully answered and having set forth its Affirmative Defenses, Defendant respectfully requests that Plaintiff's Complaint be dismissed, with prejudice, at the cost of Plaintiff, and that Defendant be awarded its reasonable attorneys' fees and costs incurred in the defense of this action.

RESPECTFULLY SUBMITTED, this the 17th day of AUGUST, 2009.

**SINGING RIVER ELECTRIC POWER ASSOCIATION,  DEFENDANT**

**BY:**   /s/  *Kenneth E. Milam*

**KENNETH E. MILAM**

**OF COUNSEL:**

**Kenneth E. Milam (MSB #3261)**
**WATKINS & EAGER PLLC**
**400 East Capitol Street, Suite 300**
**Post Office Box 650**
**Jackson, Mississippi  39205-0650**
**Tel:   601-965-1900**
**Fax:  601 965-1901**
**kemilam@watkinseager.com**

*Counsel of Record for Defendant*

7

## CERTIFICATE OF SERVICE

**I, KENNETH E. MILAM,** do hereby certify that I electronically filed the foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

>       Louis H. Watson, Jr., Esq.
>       Nick Norris, Esq.
>       LOUIS H. WATSON, JR. P.A.
>       628 North State Street
>       Jackson, Mississippi 39202
>
>             *Counsel of Record for Plaintiff*

THIS, the 17th day of AUGUST, 2009.

                                        /s/ Kenneth E. Milam
                                        Kenneth E. Milam